AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 31 2026

CLERK, U.S. DISTRICT COURT
By ____________
Deputy

United States of America
v.

Richard Whitebird

*Defendant(s)*

Case No. 2:26-MJ-177

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of August 30, 2026 in the county of Potter in the Northern District of Texas, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii) | Possession with Intent to Distribute 50 Grams or More of Methamphetamine |

This criminal complaint is based on these facts:

see attached affidavit in support of complaint.

☑ Continued on the attached sheet.

*Complainant's signature*

Joseph Curtis, DEA SA

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (specify reliable electronic means).

Date: 8/31/26

*Judge's signature*

City and state: Amarillo, Texas

Lee Ann Reno, U.S. Magistrate Judge

*Printed name and title*

No. 2:26-MJ-177

AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Joseph Curtis, being duly sworn, depose and state:

1. I am a Special Agent (SA) with the Drug Enforcement Administration (DEA).

2. I am assigned to the DEA's Amarillo Resident Office (ARO). I was hired as a Special Agent with DEA in February 2025, and completed DEA Basic Agent Training Academy, located in Quantico, Virginia in July 2025. In connection with my duties and responsibilities as a Special Agent, I have received training in the field of narcotics trafficking investigations, including but not limited to, conducting surveillance, smuggling, undercover operations, methods of packaging, utilizing confidential sources, executing arrest and search warrants. Prior to my employment with the DEA, I was an officer in the U.S. Army for 4 years, and I am currently still serving as an officer in the U.S. Army National Guard.

3. This affidavit is made in support of a complaint and arrest warrant for Richard B. WHITEBIRD. I am familiar with the information contained in this affidavit based upon my own personal investigation, as well as conversations with other law enforcement officers involved in this investigation.

4. On August 30, 2026, Texas Department of Public Safety DPS Trooper Brayden Huyck was on routine patrol on Interstate 40 in Amarillo, Potter County, TX. At approximately 1:15 p.m., Trooper Huyck initiated a traffic stop on a white in color Ford Escape bearing Arizona registration tag FLA883 for driving at a speed in excess of the posted speed limit. Speeding is a violation of the State of Texas Transportation Code. A female identified as D.F. was the driver of the Ford Escape. Richard WHITEBIRD was identified as the front seat passenger. A second female was sitting in the rear of the Ford Escape.

5. During the traffic stop, the Trooper noticed indicators of criminal activity. The Trooper asked D.F. for consent to search the vehicle. D.F. granted consent. During a search of the vehicle, Troopers located a loaded Dan and Wesson Arms .357 magnum revolver bearing serial number 357575 inside a black duffle bag belonging to WHITEBIRD. Troopers also located approximately 162 grams of suspected methamphetamine inside a United States Postal Service (USPS) padded flat rate envelope and a small glass jar containing suspected THC on WHITEBIRD's person. This amount of methamphetamine is only consistent with distribution, as opposed to personal use. A

field test was conducted and the substance tested positive for the presence of methamphetamine. The firearm was manufactured outside the State of Texas.

6. DEA Special Agents Joseph Curtis, Fernando Burga and DPS Criminal Investigation Division (CID) SA Micah Goodrich responded to the scene to assist in the investigation.

7. SA Burga, SA Curtis and DPS CID SA Goodrich conducted a Mirandized interview with WHITEBIRD. WHITEBIRD advised investigators that he knew the firearm was in his bag and that he was not allowed to have a firearm because he has a prior felony conviction for manslaughter. WHITEBIRD also admitted to possession of the methamphetamine. WHITEBIRD claimed that the methamphetamine was for his own personal use, which is inconsistent with the amount of methamphetamine found on his person.

8. Based upon the foregoing, there is probable cause to believe that WHITEBIRD did knowingly and intentionally possess with the intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of Methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

9. Based on the information set forth in the preceding paragraphs, I have probable cause to believe WHITEBIRD was previously convicted of a felony crime and was in possession of a firearm on August 30, 2026, in violation of Title 18 U.S.C. § 922(g)(1) and 924(a)(8).

Joseph E. Curtis
DEA Special Agent

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone:

8/31/26 at Amarillo, TX
Date City and State

Lee Ann Reno, U.S. Magistrate Judge
Name and Title of Judicial Officer

Signature of Judicial Officer

Anna Marie Bell
Assistant United States Attorney